Paul COLE, Plaintiff,

v.

BUILDER'S SQUARE, INC., a Delaware corporation, and Cuprum, SA. de C.V., Defendants.

No. CV99729PA.

United States District Court,
D. Oregon.

Sept. 8, 2003.

Michael H. Bloom, Bloom & Schuckman, PC, Portland, OR, for Paul J. Cole, Plaintiff.

Timothy O'Neill, Snell & Wilmer, LLP, Denver, CO, for Cuprum, SA de CV, Defendant.

## ORDER

PANNER, Senior District Judge.

Plaintiff contends he was seriously injured when a ladder collapsed. He incurred $153,711 in medical bills. His private health insurer paid substantially less than that sum due to contractually negotiated discounts or other adjustments. Plaintiff requests a ruling, before trial, that he may seek to recover the full amount of his medical bills. Defendant contends that the adjustments should be deducted from any recovery.

### *Legal Standards*

Under ORS 18.560, the defendant is liable for "objectively verifiable monetary losses including but not limited to *reasonable charges necessarily incurred* for medical ... and other health care services." (emphasis added)

ORS 18.580 provides that:

(1) In a civil action, when a party is awarded damages for bodily injury or death of a person which are to be paid by another party to the action, and the party awarded damages or person injured or deceased received benefits for the injury or death other than from the party who is to pay the damages, the court may deduct from the amount of damages awarded, before the entry of final judgment, the total amount of those collateral benefits *other than:*

(a) Benefits which the party awarded damages, the person injured or that person's estate is obligated to repay;

(b) Life insurance or other death benefits;

*(c) Insurance benefits for which the person injured or deceased or members of that person's family paid premiums;* and

(d) Retirement, disability and pension plan benefits, and federal social security benefits.

(2) Evidence of the benefit described in subsection (1) of this section and the cost of obtaining it is not admissible at trial, but shall be received by the court by affidavit submitted after the verdict by any party to the action.

(emphasis added).

### Discussion

Magistrate Judge Stewart recently summarized the extant case law regarding this issue. The state appellate courts apparently have never decided this question, and the state and federal trial courts are divided. *Liner v. Bellingham,* Civil No. 02–1681–ST (D.Or. Aug. 6, 2003). This issue is not of sufficient importance here, or of sufficient difficulty, to warrant certification to the Oregon Supreme Court.

Allowing Plaintiff to recover for phantom medical expenses that he has not paid, is not liable to pay, and his insurer never paid, arguably confers a windfall. However, if the Plaintiff did not have health care insurance, he would have been liable for the entire amount. The adjustments are a benefit flowing directly from that insurance. ORS 18.580(1)(c) therefore is controlling.

An adjustment may, in some instances, reflect the insurer's belief that the amount billed was excessive or the service unnecessary. However, under ORS 18.560, whether a charge was reasonable or necessary is determined by the jury, not by a private insurance company.

There are other reasons why a health care provider and insurer may contractually negotiate an adjustment. Being designated a "preferred provider" encourages persons covered by this insurance to patronize that provider. In addition, the provider is assured of prompt payment from the insurer, instead of attempting to collect a greater sum directly from the patient. These side-deals between the insurer and service provider do not necessarily reflect a determination that the amount charged was excessive or the service provided was not medically necessary.

Judge Stewart's thoughtful opinion in *Liner* also discusses some practical problems that might result at trial if defendant's position were adopted.

### Conclusion

Plaintiff's Pretrial Motion on Medical Damages (# 167) is granted. At trial, Plaintiff may seek to recover the full amount of his medical expenses, regardless of any discount or other adjustment obtained by his insurer.

IT IS SO ORDERED.